Brinkerhorr, C. J.'
This is a bill of review, filed in the district court of Erie county, to reverse a former decree of that court, and was reserved for decision in this court.
The facts of the case, so far as is necessary to state them in order to an understanding of the questions properly presented and passed on, are substantially these:
About the year 1838, Joseph R. Brown, now deceased, was a farmer, resident in Erie county, and was the husband of Ruth Brown, and the father, by her, of a large family of children, some of whom were grown up, and some of whom were of tender years. He was the owner, in equity, of a large farm on which they resided, but had not yet obtained a legal title thereto. Domestic difficulties, of a serious character having arisen between him and his wife, an agreement, not in writing, was entered into between them for a separation; by the terms of which, in consideration *that she would never claim dower in said premises, would live separate and apart from him for the remainder of their joint lives, and would in all respects support and maintain herself and their youngest three children without charge upon him, he, on his part, as soon as he could obtain the legal title to the farm, would cause a certain described portion of the farm, amounting to about fifty acres, to be conveyed to her in fee-simple, and that the same, on which there was a house capable of being inhabited, should at once be set off to her separate use.
Accordingly she took the three younger children, moved upon the portion of the land assigned to her, and ever since, either herself or by her tenants, has occupied and cultivated it, and has made some improvement thereon. She has ever since supported herself and the three younger children free of charge upon her husband or his estate, and has never claimed dower therein.
Soon after this contract and consequent separation, Joseph R. Brown built a fence on the line between that part of the farm retained by him and the part assigned to his wife; he always recognized her right to the part thus assigned to her; and though he *200 eventually obtained' a legal title to the farm, he failed, apparently from negligence rather than design, to cause a legal conveyance to bo made to his wife of the part set off to her. They continued to live separate until his death, which occurred in 1841.
Some time after the death of Joseph R. Brown, Henry Thomas, complainant in review, and others who claim title to the old farm, through conveyances to them by the heirs of Joseph R. Brown, commenced proceedings, in the common pleas of Erie county, to obtain partition of the farm without regard to the rights of Ruth Brown under the post-nuptial contract above mentioned. She therefore filed her bill in chancery in the same court to enjoin the proceedings in partition, and for a sjsecific ^performance of the post-nuptial contract by the heirs of her husband and those claiming under them.
The case made by her bill having been taken, by appeal, to the district court, a decree was there rendered, finding that Ruth Brown, by virtue of the above facts, “ acquired a good and valid title to said” premises, and decreeing that such title “ be confirmed in her and forever quieted ”■ against all claims of the defendants.
To reverse that decree this bill of review is prosecuted.
It is satisfactorily shown by the evidence, that the complainant in review and others, who claim against Ruth Brown under conveyances from the heirs of her late husband, purchased with actual notice of the post-nuptial contract above mentioned; and in addition to this, she was, at the time they purchased, in open possession of the part claimed by her, and they were therefore bound to take notice of her rights.
1. It is very clear to us, in the first place, that if there were no objections to this contract on account of the relation subsisting between the parties to it, a court of equity would, under the circumstances, enforce its performance. It certainly is not lacking in considerations to support it. The husband was bound to support both her and the three younger children; she assumed to support both herself and them, and has faithfully dpne so. She agreed to forego dower in the remainder of the farm. She has never claimed dower; and while the decree below subsists, she will be estopped from claiming it. The contract is, on her part, fully executed. She went into possession of the premises under the contract, has occupied and cultivated them, and made improvement thereon, at least to the extent of having dug a well upon them. She can not be placed in statu quo. *201 These facts, on familiar principles, are sufficient to take the contract-out of the operation of the statute of frauds. There is no party in the case claiming in the character of a creditor of the deceased husband, and on that ground objecting to the claims of Ruth Brown under the contract; *and there is nothing in the case to show but that the provision agreed to be made for the wife, was fair and reasonable.
2. And the question now arises, whether equity will refuse a •specific performance of this contract on account of the relation subsisting between the parties to it at the time it was made ?
On this point much doubt and some contrariety of decision has heretofore obtained in England; and, in view of this state of things, Lord Eldon, in St. John v. St. John, 11 Ves. 529, expressed the wish that a case upon the point might be taken to the House of Lords for final adjudication. This has been done, in the case of Wilson v. Wilson, decided in the House of Lords in 1848. 1 House of Lords Cases, 538. In that case it was unanimously held, “ That the court of chancery exercises only its ordinary jurisdiction in giving effect to articles of separation between husband and wife, so far as they regard an arrangement of property agreed upon.” And that “ the court, in decreeing specific performances of such articles, does not inquire into the cause of the separation.” It seems also to be well settled in Ohio, that such contracts are not void as being against public policy, and that, when fairly made, and for a good consideration, will, so far as property arrangements are concerned, be upheld in equity. Bettle v. Wilson, 14 Ohio, 257. That post-nuptial contracts between husband and wife, transfering and settling property to and upon the wife for her separate use, will, whore no claims of existing creditors, or of bona fide purchasers without notice, intervene, be supported in equity, has been repeatedly held in the United States. Pinney v. Fellows, 15 Vt. 525; Livingston v. Livingston, 2 Johns. Ch. 537; Liles v. Fleming, 1 Dev. Eq. 185; Garlick v. Strong, 3 Paige, 440; Wood v. Warden, 20 Ohio, 518; Shepard v. Shepard, 7 Johns. Ch. 57. And the intervention of a trustee is not necessary. Grimke, J., in Huber v. Huber’s Adm’r, 10 Ohio, 373; Elms Hughes, 3 Desaussure, 255; Reeve’s Dom. Rel. 97, 98, note 1; 2 Story’s Eq., sec. 1380.
It is objected by the complainants in review, that the decree below does not conform to the facts stated in the bill and proved, nor to the prayer thereof; as the case made and the prayer of the *202 bill was for a specific performance of an executory contract, and to make a legal title -f while the decree found a title existing, and provided that she be quieted in the same. There is this-formal discrepancy between the bill and the decree. But it is in form only. The legal effect of the decree is substantially the same as it would have been had it conformed to the prayer of the bill. On. error, this is sufficient.

Decree of district court affirmed.

Scott, Sutliee, Peck, and G-holson, JJ., concurred.